William E. Halle (State Bar No. 150686)
bhalle@oneil-llp.com
Amy W. Larkin (State Bar No. 143605)
John M. Whelan (State Bar No. 174928)
O'NEIL LLP
19900 MacArthur Boulevard
Suite 1050
Irvine, California 92612
Telephone: (949) 798-0500
Facsimile: (949) 798-0511

Attorneys for Plaintiff
ARMORED SHIELD™ TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ARMORED SHIELD™ TECHNOLOGIES, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COMMUNICATIONS SOLUTIONS, INC., a Florida corporation; NETWORK INTEGRITY SYSTEMS, INC. an unknown entity; JOHN WILKERSON, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. SACV12-00360 CJC (MLGx)<br><br>Hon. Marc L. Goldman<br><br>**[PROPOSED] ORDER ON STIPULATION RE: PROTECTIVE ORDER FOR PROPRIETARY AND CONFIDENTIAL INFORMATION**<br><br>**[Fed. R. Civ. P. 26(c)]** |

　　　　Based on the Parties' Stipulation re: Protective Order for Proprietary and Confidential Information submitted herewith, and good cause appearing therefor,

　　　　IT IS HEREBY ORDERED as follows:

　　　　During the pendency of the above-captioned action, or until this Protective Order (the "Order") is amended or superseded, the Parties will follow the procedures set forth below with respect to the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts, and

any other information, documents, objects or things that have been or will be produced by any party to this action or third party during the pendency of this action:

1. As used herein, the term "counsel of record" shall mean the attorneys of record in this proceeding, their partners and associates, paralegals, clerks, assistants and other persons employed by such attorneys, all of whom shall be bound by the provisions of this Order.

2. As used herein, the term "person" shall mean, in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business trust, governmental body or any other legal or business entity, unless specified herein to the contrary.

3. As used herein, the term "party" shall mean, in the plural as well as the singular, any named plaintiff, defendant, counterclaimant or counterdefendant in this action, and shall include its present directors, officers, members, agents, representatives or employees. References to a "party" or "parties" herein shall also include such nonparties who provide testimony, documents or information in discovery proceedings in this action <u>and</u> who agree to be bound by the terms of this Order.

4. In connection with discovery proceedings in this action, any party to this action (hereinafter the "Designating Party") shall have the right to designate any document, thing, material, testimony or other information derived therefrom, as confidential under the terms of this Order. Confidential information is information that the Designating Party reasonably believes in good faith (1) to constitute proprietary information, confidential business information, confidential financial information, trade secrets relating to its business, and/or information in which the party or third parties have a privacy right or other protectable interest, and (2) to be subject to protection from disclosure under applicable law.

5. In the event counsel of record for the party receiving documents,

#115720 v1

2

ORDER ON STIPULATION RE: PROTECTIVE ORDER FOR
PROPRIETARY AND CONFIDENTIAL INFORMATION

material or information designated as "Confidential Material" objects to such designation for any or all of such items, said counsel shall advise the Designating Party of such objections, and the reasons for them, in writing. Within ten (10) days of service of the written objection, the parties shall meet and confer concerning the objection. If the objection is not resolved at the meeting, the objecting party shall, within thirty (30) days of the meeting, file a noticed motion to resolve the dispute over the designation of the material. It shall be the burden of the Designating Party to justify to the Court the basis for the designation. In the event that the objecting party seeks such a hearing, the Designating Party will cooperate in obtaining a prompt hearing with respect thereto. If the objecting party objects to more than one designation within a period of thirty (30) days or less, the time for filing a noticed motion shall be extended so that the objecting party shall not be required to file more than one motion every thirty (30) days. All documents designated as "Confidential Material" shall remain confidential until any such motion by the objecting party is granted and the Court declares that the designated material is not subject to the protection of this Order. If no such motion is filed within the stated time period, the material will be deemed conclusively subject to the protection of this Order for purposes of discovery.

6. In the event counsel of record for the party receiving documents, material or information designated as "Attorneys' Eyes Only Material" objects to such designation of any or all of such items, said counsel shall advise the Designating Party of such objections, and the reasons for them, in writing. Within ten (10) calendar days of service of the written objection, the parties shall meet and confer concerning the objection. In the event the objection is not resolved at the meeting and the Designating Party intends to maintain the designation, the Designating Party shall be required to file, within ten (10) days of the meeting, an appropriate motion with the Court seeking an order approving the designation of the documents as "Attorneys' Eyes Only Material," and it shall be the burden of the

Designating Party to justify to the Court the basis for maintaining such designation. All of the items so designated shall be treated as "Attorneys' Eyes Only Material" pending a resolution of the parties' dispute. In the event that the Designating Party seeks a hearing, the objecting party will cooperate in obtaining a prompt hearing with respect thereto. If no motion for an order approving the designation is filed within the stated time period, the designated material will be deemed conclusively <u>not</u> subject to the protection of this Order as "Attorneys' Eyes Only Material."

7. As used herein, the term "Confidential Material" shall refer to:

(a) Any documents (including any portions thereof and any information contained therein) designated to be confidential by any party and/or which has had stamped or affixed thereon the word "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the Designating Party. If original documents are made available for review, it shall not be necessary to stamp the originals with a "CONFIDENTIAL" legend in order to make such originals subject to this Order. The party making the originals available need only inform the other party(ies), prior to the review or within thirty (30) days thereafter, that the originals have been made subject to this Order.

(b) All deposition testimony, including oral testimony, deposition transcripts and the information contained therein, shall initially be treated as Confidential Material and be included within the terms of this Order without the necessity of designating the testimony as Confidential Material. Upon transcription of the deposition, counsel shall have thirty (30) days after receipt of the transcript to notify the deposition reporter and other counsel of record in writing of the portions of the transcript designated as confidential. Depositing the written notice in the United States mail within such thirty (30) days shall be deemed timely compliance with this requirement. All other portions, or the entire transcript if no designation is made, shall not be confidential and shall not be within the terms of this Order.

1  Alternatively, and in addition to the above method, deposition testimony may be
2  designated as Confidential Material during the deposition, in which case the
3  transcript of the designated testimony shall be bound in a separate volume and
4  marked "CONFIDENTIAL" by the reporter as the Designating Party may direct.

5           (c)     All documents produced in discovery in this action <u>by any</u>
6  <u>nonparty</u> to this action shall initially be treated as Confidential Material and be
7  included within the terms of this Order without the necessity of designating the
8  testimony as Confidential Material or "Attorney's Eyes Only Material" (pursuant to
9  paragraph 9 hereof).  Counsel shall have thirty (30) days from receipt of copies of
10 the documents produced by the nonparty to notify other counsel of record in writing
11 of the identity of the documents designated as either Confidential Material or
12 "Attorney's Eyes Only Material."  Depositing the written notice in the United States
13 mail within such thirty (30) days shall be deemed timely compliance with this
14 requirement.  All other documents produced by the nonparty shall not remain
15 confidential and shall not be within the terms of this Order.

16          (d)     "Confidential Material" does not include any information or
17 documents lawfully obtained or produced by a party outside of the context of
18 discovery in this litigation.  Nothing in this Order, however, shall affect the rights of
19 any party to enforce any rights it may have regarding the confidentiality of
20 documents and other information disclosed or transferred to another party or person
21 prior to the institution of the present litigation.

22       8.       "Confidential Material" shall be disclosed only to:
23          (a)     The Court, its officers and its employees in this litigation
24 pursuant to paragraph 14 hereof;
25          (b)     Any party, or an officer, director, or employee of a party to the
26 extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or
27 settlement of this action;
28

      (c)    Nonparty experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties;

      (d)    Counsel of record and the respective personnel of the law firms as set forth in paragraph 1;

      (e)    Court reporter(s) employed by a party in this action;

      (f)    Noncompetitive, nonparty witnesses at any depositions or other pretrial proceedings in this action to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action; and

      (g)    Any other person(s) as to whom the parties agree in writing pursuant to paragraph 10.

9.    The parties may further designate certain documents, discovery material or testimony reasonably believed in good faith to be highly confidential, subject to privacy interests of nonparties and/or proprietary in nature as "HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY" (hereafter, "Attorney's Eyes Only Material").  Attorney's Eyes Only Material shall be reserved only for those discovery materials, testimony, or documents that the Designating Party believes in good faith constitutes financial or business information belonging to the party, or a trade secret within the meaning of California Civil Code section 3426.1(d), and/or, if disclosed to the principals of the other party, could give the other party a competitive advantage including, without limitation, client lists, client data or information, other information relating to the clients or prospective clients of the Designating Party, pricing information, financial information and/or business plans. Such designation shall be made in the same manner as the designation as confidential of any other Confidential Material hereunder.  Attorney's Eyes Only Material, and the information contained therein, may be disclosed only to the persons identified in paragraphs 8(a), (c), (d), (e), (f), and/or (g), and paragraph 10, but <u>shall</u> <u>not</u> be disclosed to a party, or to an officer, director, member, employee or general (in-house) counsel of a party, <u>unless</u> otherwise agreed in writing or ordered.

#115720 v1

6

If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

10. If counsel for any party should conclude that, for the purpose of this action, such party (a) needs to disclose any Confidential Material, or information derived therefrom, to any person not described in paragraph 8 of this Order, or (b) needs to disclose any Attorney's Eyes Only Material, or information derived therefrom, to any person not described in paragraph 8(a), (c), (d), (e), (f), and/or (g) of this Order, counsel for such party must request permission from counsel for the Designating Party in writing and state the purpose of the disclosure.  If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon motion and for good cause shown, orders otherwise. Each party may, however, disclose the Confidential Material or Attorney's Eyes Only Material it designated without regard to this Order unless otherwise under an existing duty to another person not to do so.

11. Confidential Material and Attorney's Eyes Only Material and information derived solely therefrom shall be treated as confidential by all persons to whom such information may be disclosed and shall be used by all such persons solely for the prosecution, defense, or settlement of the claims at issue in this action. Moreover, any document containing a summary or recitation of any part of the content of Confidential Material and/or Attorney's Eyes Only Material shall be deemed to have the same protections as the originating material and shall be subject to all of the protections and restrictions of this Order.

12. Any person to whom the Confidential Material or Attorney's Eyes Only Material may properly be shown pursuant to paragraphs 8(b), (c), (d), (e), (f), or (g), paragraph 9, or paragraph 10 hereof shall first be shown and read a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Agreement attached hereto as <u>Appendix A</u>.  The law firm obtaining the person's signature on the Confidentiality Agreement will retain the

original signed agreement.

13. Upon final termination of this action, including the termination and/or exhaustion of any appeal or deadline to appeal, unless otherwise agreed to in writing by counsel of record for the Designating Party, each party shall promptly assemble and return all Confidential Material and Attorney's Eyes Only Material to the Designating Party or to such other party that produced the Confidential Material and/or Attorney's Eyes Only Material in this action, except for Confidential Material and Attorneys' Eyes Only Material that is incorporated into the non-designating party's work product.  The party to whom such Confidential Material or Attorney's Eyes Only Material is returned shall acknowledge receipt of such material in writing.  Notwithstanding the foregoing and subject to this Order, counsel of record for each party may retain copies of the Confidential Material and Attorneys' Eyes Only Material produced by a Designating Party for a period of one (1) year following the final termination of this action, including the termination and/or exhaustion of any appeal or deadline to appeal, and shall return all such copies to the Designating Party or to such other party that produced the Confidential Material and/or Attorney's Eyes Material in this action promptly upon the conclusion of such one (1) year period.

14. Where any Confidential Material or Attorney's Eyes Only Material, or information derived therefrom, is included in any papers filed with the Court, such papers shall be marked "CONFIDENTIAL" or be marked with words of identical meaning, and the Parties may jointly apply for, or the party seeking to file such papers shall apply for, a sealing order pursuant to Local Rule 79-5.1.  In the event such a sealing order is granted, the papers, or portion thereof, to which the order pertains shall be placed in a sealed envelope marked with the caption of the case, a general description of the contents of the envelope and a statement substantially in the following form: "FILED UNDER SEAL.  This envelope contains documents subject to a Protective Order entered in this action.  It is not to be opened nor are the

#115720 v1

8

ORDER ON STIPULATION RE: PROTECTIVE ORDER FOR
PROPRIETARY AND CONFIDENTIAL INFORMATION

contents thereof to be displayed, revealed or made public except by order of the Court."

15. This Order does not constitute a waiver of any party's rights to object to discovery on any grounds, <u>except</u> the ground that the information sought contains trade secrets, confidential or proprietary business information, and/or information in which a party has a privacy right. Nor does this Order constitute an admission by any party that any information that it or any opponent designates as Confidential Material or Attorney's Eyes Only Material is in fact a trade secret, confidential business or proprietary information, and/or information in which a party has a privacy right.

16. This Order is not intended to govern the use of Confidential Material or Attorney's Eyes Only Material at any trial of this action. Questions of the protection of such material during trial will be presented to the Court prior to or during trial as each party deems appropriate.

17. If another court or administrative agency subpoenas or orders production of Confidential Material or Attorney's Eyes Only Material that a party has obtained under the terms of this Order, such party shall promptly notify the Designating Party of the pendency of the subpoena or order (unless prohibited by law from doing so) and shall not produce the Confidential Material or Attorney's Eyes Only Material until the Designating Party has had reasonable time to object or otherwise to take appropriate steps to protect the material.

18. After the termination of this action, this Order shall continue to be binding upon the parties hereto and all persons to whom Confidential Material or Attorney's Eyes Only Material has been disclosed or communicated.

19. All time periods contained in this Order shall be computed pursuant to Rule 6 of the Federal Rules of Civil Procedure.

20. This Order shall not prevent any of the parties from moving this Court for an order that Confidential Material or Attorney's Eyes Only Material may be

disclosed other than in accordance with this Order.

21.  This Order is without prejudice to the right of any party to seek modification of it from the Court.  It shall remain in effect until such time as it is modified, amended, or rescinded by the Court.  The Court shall have continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination of this action.

Dated: April 20, 2012

MARC L. GOLDMAN
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A

## CONFIDENTIALITY AGREEMENT

*PENRITH GROUP, INC. v. LCAP ADVISORS, LLC, et al.*
United States District Court, Central District of California
Case No. 11-00334 AG (MLGx)

I acknowledge that I have read and understand the Court's Protective Order entered on _____ in the above-referenced action. I understand the terms of the Protective Order and under oath consent to be bound by the terms of the Protective Order as a condition to being provided access to confidential documents and information furnished by _____. By executing this Agreement, I hereby consent to the jurisdiction and venue of the United States District Court for the Central District of California for purposes of enforcement of this Agreement and the terms of the Protective Order.

I hereby declare under penalty of perjury under the laws of the United States of America that the above statements are true and correct.

Dated: _____

_____
(Print Name)

_____
(Signature)

_____
(Address)

_____
(Telephone)

#115720 v1

11

ORDER ON STIPULATION RE: PROTECTIVE ORDER FOR
PROPRIETARY AND CONFIDENTIAL INFORMATION